KLEES, Judge.
Nivaldo Bueno and Isidros Lopez were charged by grand jury indictment with first degree murder in violation of L.S.A.-R.S. 14:30. At arraignment, both defendants pled not guilty. The trial court severed the trials of the two defendants on its own *363 motion. The present defendant, Nivaldo Bueno was tried by jury and found guilty of first degree murder. His request for a new trial was denied. He was sentenced to life in prison without benefit of parole, probation or suspension of sentence. Bue-no appeals this conviction and sentence contending that the trial erred in denying his Motion to Suppress his written confession.
FACTS:
The defendant and Isidros Lopez kidnapped the victim Mr. Louis Sailing at gunpoint as he was making a bank deposit on January 30, 1982. Mr. Sailing, had been observed by Lopez making deposits at the bank at the same time on previous occasions. This was part of Mr. Sailing’s job as manager of the K & B Drugstore in Oak-wood Shopping Center. The victim was driven to a secluded trash dump in Algiers and shot several times after he pled for his life. He was killed instantly. The defendant and Lopez then left the scene with the money the victim had intended to deposit.
On September 23, 1982 the defendant, who was employed as a painter, was approached by Officers Jerry Ursin and William Trepagnier of the New Orleans Police Department, while he was painting a house. The officers brought him to the District Attorney’s Office where he gave a written statement explaining his involvement in the murder of Mr. Sailings. The defense moved to suppress the introduction of this confession at trial. After a motion hearing the trial judge denied the motion and the confession was introduced by the State.
ASSIGNMENT OF ERROR:
On appeal the defendant contends that the trial court erred in denying his Motion to Suppress the confession, arguing that under the totality of the circumstances standard the statement was not freely and intelligently given. The defendant contends that the defendant did not knowingly and intelligently waive his Miranda rights because he has a diminished mental capacity and the rights were given to him in English which was his second language.
Louisiana Revised Statute title 15 section 451 requires that before a confession can be introduced, the State must show that it is voluntary and free and is not made under the influence of fear, duress, intimidation, menaces, threats, inducements or promises. Once the trial judge determines that a confession is admissible, this conclusion will not be disturbed unless it is not supported by the evidence as a whole. State v. Nuccio, 454 So.2d 93 (La.1984); State v. Lee, 482 So.2d 194 (La.App. 4th Cir.1986). In reviewing a trial court’s determination of admissibility, the appellate court may examine the evidence contained in the record at the motion hearing as well as the evidence introduced at the trial on the merits. State v. Phillips, 444 So.2d 1196 (La.1984); State v. Dunbar, 356 So.2d 956 (La.1978).
After a thorough review of the record, we find that the defendants’s confession was freely and voluntarily given. The trial court was therefore correct in denying the defendant’s motion to suppress.
The defendant was advised of his Miranda rights on three occassions. Officer Ursin testified that he read the defendant his rights when the defenant agreed to accompany him to the District Attorney’s Office for further questioning. Sergeant Frank Ruiz formally advised the defendant of his rights when they arrived at the District Attorney’s Office. Sergeant Ruiz then read a form to the defendant in which the defendant waived these rights. The defendant signed the form stating that he understood he was waiving these rights. Sergeant James Betbeye and Officer Ursin were both present when this took place. Furthermore, the defendant’s employer and close friend, Christobal Sotres who was present when the defendant gave the written statement, testified that while giving the statement the officers asked him if he was sure about the things he was saying and the defendant answered “You can put them there, I’m doing this on my own will.”
There is ample testimony in the record to establish that the defendant could speak, write, and understand the English lan *364 guage. The defendant’s sister testified that her brother could speak English and had written her letters in English. Mr. Sotres testified that the defendant speaks and writes English and there were times when the defendant read things to him in English. Sergeant Ruiz requested that an interpreter read the defendant his rights in Spanish after they were read to the him in English. The interpreter testified that she asked the defendant in Spanish if he understood what was just read to him. The defendant answered her in English, stating “Yes I did.” All of the police officers interrogating the defendant testified that at no time did the defendant indicate that he did not understand English or that he did not understand his rights. The officers also testified that they had no difficulty understanding the defendant when he spoke English. The typist who typed the defendant’s statement testified that she understood what the defendant was saying when he gave the statement.
The defendant further argues that his waiver of rights was not intelligently given because he has the mental capacity of a second grader. This assignment is without merit since the Louisiana Supreme Court has repeatedly held that a diminished intellectual capacity alone will not vitiate a defendant’s ability to make a knowing and intelligent waiver of Miranda rights and give a voluntary confession. State v. Wilson, 467 So.2d 503 (La.1985); State v. Benoit, 440 So.2d 129 (La.1983); State v. Lindsey, 404 So.2d 466 (La.1981).
The record was also reviewed for errors patent. None were found.
For the above reasons, the defendant’s conviction and sentence is affirmed.
AFFIRMED.